IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLORIA JEAN DIXON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No.  **02-1208-CJP**[1] |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **NATURAL RESOURCES, et al.**, ) | |
| ) | |
| Defendants. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court are defendant's "fifth" and "sixth" motions in limine**.  (Docs. 81 and 82).**  Based on the fact that defendant was granted summary judgment as to plaintiff's race and sex discrimination claims, leaving only a Title VII retaliation claim, defendant seeks to exclude: (1) all evidence regarding alleged "comparables" David Kenney, Richard Glazenbrook[2], Brian Griffith, Terry Klockenkemper, Charles Dees, or other employees, because the Court found those individuals were not "comparables"; and (2) all evidence of alleged harassment or events occurring prior to the filing of her May 1, 2001, contract grievance, which serves as the "protected act" underlying the retaliation claim.

---

[1] In accordance with 28 U.S.C. § 636(c), upon the written consent of the parties, U.S. District Judge Michael J. Reagan referred this action to the undersigned Magistrate Judge for all further proceedings and final resolution.  **(Doc. 66).**

[2] Richard "Rick" Glazenbrook is a Site Superintendent and has never been mentioned by plaintiff as a "comparable;" therefore, the Court considers his inclusion in the motion to be in error.

With respect to evidence of "comparables," plaintiff contends defendant is improperly attempting to bar the introduction of evidence under the "indirect" method of proof. Plaintiff also views defendant's motion in limine as an attempt to, in effect," seek summary judgment after failing to address the retaliation claim in a proper motion for summary judgment. In the event evidence of the specified individuals is barred, plaintiff contends that it would be improper to bar evidence of "other employees" for purposes of establishing "comparables" relative to the retaliation claim.

With respect to evidence of harassment, plaintiff asserts that she should be able to establish the hostile environment about which she complained, although she acknowledges that the activity complained of need not actually violate Title VII to form the basis of a retaliation claim. Plaintiff specifically links this contested evidence to the first element of the prima facie retaliation case– a statutorily protected activity. However, during the September 28, 2005, final pretrial conference defense counsel conceded the first element of the prima facie case.

## Analysis

### 1. "Comparables"

"To establish a *prima facie* case for unlawful retaliation, a plaintiff must prove three elements: (1) she engaged in statutorily-protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action." ***Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005) (quoting *Krause v. City of La Crosse,* 246 F.3d 995, 1000 (7th Cir. 2001)).** Plaintiff may prove retaliation by either the "direct" method, using either direct or circumstantial evidence, or the "indirect" method, showing that after filing a grievance only she, and not any similarly situated employees who did

not file a grievance, was subject to an adverse employment action even though she was performing her job in a satisfactory manner. ***Rogers v. City of Chicago*, 320 F.3d 748, 753-755 (7th Cir. 2003).** The "indirect" method of proof is a burden-shifting method that eliminates the need to show a causal link between the protected action and adverse employment action. ***Id.* at 755.**

If plaintiff opts to use the "indirect" method of proof, she will need to produce evidence of a "comparable," just as she attempted to do with respect to her race discrimination claim. The Court concluded that David Kenney, Brian Griffith, Terry Klockenkemper and Charles Dees were not "comparables" for purposes of proving the race discrimination claim because they were not similarly situated with plaintiff *in all respects*. **(Doc. 79, pp. 10-14).** Although the Court's analysis was geared toward the race discrimination claim, that does not change the fact that the four purported "comparables" did not work at the same site as plaintiff or have similar disciplinary issues. Therefore, they cannot serve as "comparables" for proving the retaliation claim. With that said, the Court will not foreclose the possibility that plaintiff has evidence of "other employees" who can qualify as "comparables." Of course, plaintiff's argument begs the question, why were such individuals not proffered before, since identifying a "comparable" would have staved off summary judgment as to her race discrimination claim.

### 2.  Evidence of Harassment or Events Prior to May 1, 2001

Having obtained summary judgment on the race and sex discrimination claims, defendant wants to ensure that the scope of evidence at trial is limited to the narrower issue of retaliation. Defendant wants to keep out evidence of alleged harassment or events occurring prior to the filing of her May 1, 2001, contract grievance, which serves as the "protected act" underlying the

retaliation claim. Defendant deems such evidence as irrelevant and/or prejudicial.

In *Miller v. American Family Mutual Insurance Co*, 203 F.3d 997 (7th Cir. 2000), the first element of the prima facie retaliation case was described more specifically: "the plaintiff must show that: (1) [s]he complained about conduct that is prohibited by Title VII." *Id*. **at 1007.** However, as plaintiff acknowledges, "to prevail on a retaliation claim, a plaintiff need not have opposed an action that *in fact violated* Title VII, a plaintiff must 'reasonably believe[ ] in good faith that the practice she opposed violated Title VII.'" **Hernandez v. HCH Miller Park Joint Venture, 418 F.3d 732, 737 (7th Cir. 2005) (quoting and omitted internal citation to *Fine v. Ryan International Airlines*, 305 F.3d 746, 752 (7th Cir. 2002)).** Accordingly, evidence of underlying harassment is relevant to a retaliation claim to establish that a plaintiff had such a reasonable, good faith belief. *Fine v. Ryan International Airlines*, **305 F.3d 746, 754 (7th Cir. 2002).** However, the Court of Appeals for the Seventh Circuit rejected the notion that a retaliation trial includes a mini-trial of the underlying discrimination claims. *Id*. **at 753.**

Defendant has conceded the first element of the prima facie case, which would appear to make the issue moot. However, plaintiff could argue that alleged acts of harassment, such as a "bitch" comment and an incident involving a cup of urine, are res gestae– inseparable from the claim still at bar. Therefore, further analysis is necessary.

On May 1, 2001, plaintiff filed an AFSCME Contract Grievance, alleging she was working in a hostile environment. **(Doc. 72, Exhibits 22).** Three additional AFSCME Contract Grievances were filed during 2001 regarding disciplinary action taken against plaintiff. **(Doc. 72, Exhibits 23-25).** In addition, by letter dated May 30, 2001, plaintiff informed her supervisor, Curtis Gathing, that she felt Ruth Kendall was generally harassing her. **(Doc. 72,**

**Exhibit 21).** As discussed before, multiple disciplinary actions were taken against plaintiff in 2001 and she was ultimately terminated in 2002. None of the aforementioned documents mention or even remotely hint at the "bitch" remark or "urine" incident, which occurred in 2000 and 1999, respectively. Plaintiff's May 1, 2001, grievance refers to a "hostile environment," and plaintiff repeatedly references a dispute about, and animosity stemming from a timekeeping issue involving Ruth Kendall. Also, in the May 30, 2001, letter to her supervisor, plaintiff alleges that Kendall raised issues of religion that offended her.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." **Fed.R.Evid. 403.** The Court cannot fathom the relevance of the "bitch" remark in 2000 or "urine" incident in 1999. The grievances and letter clearly focus on Ruth Kendall; the "bitch" comment and "urine" incident occurred before Kendall even began working with plaintiff. **(*See* Doc. 41, Exhibit G (Deposition of Kendall), p. 20 (Kendall was hired in December 2000 and began work in January 2001))**. Plaintiff has failed to show how those two incidents are tied to the grievances upon which her retaliation claim is based. Introducing evidence regarding those two incidents would likely confuse the jury about the real issue in the case, which is retaliation, not discrimination. The prejudice is obvious, and outweighs any remote relevance or value to plaintiff's case. *See Speedy v. Rexnord Corp.*, 243 F.3d 397, 405-406 (7th Cir. 2001); and *Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 737 (7th Cir. 2005).

Insofar as defendant would also exclude *all* evidence of alleged harassment or events

occurring prior to the filing of her May 1, 2001, contract grievance, the Court cannot issue such a broad, sweeping ruling at this juncture. Plaintiff will be permitted to introduce the three grievances and her May 30, 2001, letter. Plaintiff will also be allowed to testify regarding those documents and the incidents referenced therein, which, obviously, occurred before May 1, 2001. With that said, the Court will remain open to objections and limiting instructions aimed at preventing turning this retaliation trial into a discrimination trial, and the Court will attempt to balance relevance and the concerns addressed by Rule 403.

**IT IS THEREFORE ORDERED** that defendant's Fifth Motion in Limine **(Doc. 81)** is **GRANTED**, in that all evidence regarding David Kenney, Brian Griffith, Terry Klockenkemper and Charles Dees being "comparables" shall be excluded at trial. The Court remains open to evidence of other "comparables," if plaintiff opts to use the "indirect" method of proof.

**IT IS FURTHER ORDERED** that defendant's Sixth Motion in Limine **(Doc. 82)** is **GRANTED**, in that all evidence regarding the "bitch" remark or "urine" incident shall be excluded at trial. The Court remains open to evidence regarding plaintiff's grievances and May 30, 2001, letter, even if that evidence relates to events occurring before May 1, 2001– provided that evidence is admissible and not excluded by the Federal Rules of Evidence.

**IT IS FURTHER ORDERED** that the parties should instruct their clients and witnesses regarding this order.

**IT IS SO ORDERED.**

**DATED: October 5, 2005**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**