IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLORIA JEAN DIXON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No.  **02-1208-CJP**[1] |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **NATURAL RESOURCES, et al.**, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's "seventh" motion in limine, attempting to strike a broad assortment of items on plaintiff's exhibit list– performance evaluations, internal grievances, selected provisions from plaintiff's union's collective bargaining agreement, sections from the Illinois Personnel Rules, and the discrimination claim plaintiff lodged with the EEOC on June 24, 2002.[2]  **(Doc. 89).**  Having obtained summary judgment as to plaintiff's race and sex discrimination claims, defendant wants to ensure that the scope of evidence at trial is limited to the narrower issue of retaliation.  Defendant contends the aforementioned exhibits are not relevant to the retaliation claim and could needlessly confuse or mislead the jury.

Plaintiff objects to the subject motion, arguing that the contested exhibits are relevant and

---

[1] In accordance with 28 U.S.C. § 636(c), upon the written consent of the parties, U.S. District Judge Michael J. Reagan referred this action to the undersigned Magistrate Judge for all further proceedings and final resolution.  **(Doc. 66).**

[2] Plaintiff's listed exhibits: 2-5, 11-13, 18, 28 (partially), 35, 38-41, and 44-47.  **(Doc. 87, pp. 7-12).**

necessary to establishing a circumstantial case of discrimination and showing that her termination was pretextual.  **(Doc. 90).**  Plaintiff's response indicates that she intends to establish that her job performance had been satisfactory prior to filing a grievance then, after filing a grievance regarding a hostile work environment, she received an unfavorable performance review and was subject to an escalating series of disciplinary actions that culminated in her termination.  Plaintiff contends that procedures prescribed by the collective bargaining agreement and applicable employment rules necessitated a "scheme" whereby employees intentionally provoked plaintiff in order to elicit discipline.  Plaintiff also asserts that the collective bargaining agreement and applicable employment rules dictated how she and employees of the defendant acted during the relevant course of events.

"To establish a *prima facie* case for unlawful retaliation, a plaintiff must prove three elements: (1) she engaged in statutorily-protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action." ***Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005) (quoting *Krause v. City of La Crosse,* 246 F.3d 995, 1000 (7th Cir. 2001)).**  Plaintiff may prove retaliation by the "direct" method, using either direct or circumstantial evidence.  ***Rogers v. City of Chicago*, 320 F.3d 748, 753-755 (7th Cir. 2003).** Plaintiff intends to use circumstantial evidence and argues that the inference of retaliation can be drawn from the contested exhibits.  Plaintiff correctly observes that the circumstantial scenario she alleges could establish a prima facie case of discrimination.  ***See Culver v. Gorman & Co.*, 416 F.3d 540 (7th Cir. 2005).**  At this juncture, whether all of the contested exhibits will ultimately be admitted into evidence at trial remains to be seen; for the aforementioned reasons, the exhibits appear relevant, and defendant has failed to

establish unfair prejudice if those exhibits were introduced at trial. Therefore, defendant's motion in limine must be denied. With that said, it must be stressed that introduction, let alone admission, of the contested exhibits at trial should not be presumed.

**IT IS THEREFORE ORDERED** that defendant's seventh motion in limine **(Doc. 89)** is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 28, 2005

<u>s/ Clifford J. Proud</u><br>
**CLIFFORD J. PROUD**<br>
**U. S. MAGISTRATE JUDGE**