IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLORIA JEAN DIXON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No.  **02-1208-CJP**[1] |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **NATURAL RESOURCES, et al.**, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion in limine**.  (Doc. 92).**  Defendant's response is also before the Court.  **(Doc. 94).**  Each issue will be addressed in turn.

**1.  Plaintiff's Departure from Horseshoe Lake State Park**

Plaintiff seeks to exclude evidence of the fact that plaintiff was asked to leave her previous job at Horseshoe Lake State Park in December 1996, prior to her starting work at Frank Holten State Park in November 1998.  Defendant has no objection to the exclusion of such evidence.  Plaintiff's motion is therefore granted.  Evidence that plaintiff was asked to leave her job at Horseshoe Lake State Par in December 1996 will be excluded, assuming plaintiff does not "open the door" to such evidence.

---

[1] In accordance with 28 U.S.C. § 636(c), upon the written consent of the parties, U.S. District Judge Michael J. Reagan referred this action to the undersigned Magistrate Judge for all further proceedings and final resolution.  **(Doc. 66).**

### 2.  Conservation Police Field Reports

Plaintiff seeks exclusion of Conservation police Field Reports from one or more incidents where the police were called to mediate disputes involving plaintiff and Ruth Kendall-Nix. Plaintiff contends that the reports reflect only hearsay, not actual observations by the police. Defendant contends the reports will not be used to prove the truth of the matters asserted in those reports; rather, the reports are evidence of the state of mind of "decision-makers" at or near the time of contemplated discipline.  Defendant further attempts to overcome the hearsay issue by noting that the reports are public records of matters observed during the course of duty.

Neither plaintiff nor defendant submitted copies of the documents at issue.  However, the Court combed the voluminous record and located what are believed to be the documents at issue. **(Doc. Doc. 38, Exhibit N; and Doc. 55, exhibit 3).**  The reports themselves are merely an accumulation of hearsay statements.  The reports indicate that statements by Ruth Kendall-Nix, superintendent Curtis Gathing and technician Earl Gettis are attached, although the copies the Court has reviewed do not appear complete.  As a preliminary matter, the Court notes that the reporting officer noted that all parties were in the process of suing one another, which undermines the trustworthiness of documentation that would otherwise be excepted from the hearsay rule as a public record or report.  **Fed.R.Evid. 803(8).**  The Court is hesitant to declare that any of the hearsay exceptions enumerated in Federal Rule of Evidence 803 are applicable without further argument from the parties.  Accordingly, plaintiff's motion is granted, in that before either party attempts to introduce any portion of the field reports, a sidebar discussion should be requested wherein the specific evidentiary basis for admission can be presented.

### 3.  Findings by the EEOC

Plaintiff seeks to limit the introduction of the findings of the EEOC.  Defendant has no objection to the proposed limitation.  Therefore, plaintiff's motion is granted; the EEOC's findings will be excluded, assuming plaintiff does not "open the door" to such evidence.

### 4.  Evidence of Medical Treatment of Ruth Kendall-Nix

Plaintiff seeks to exclude evidence that Ruth Kendall-Nix received medical treatment at or near the time of her disputes with plaintiff.  Plaintiff asserts that there is no evidence to authenticate such medical records or bills, and there is no evidence of a causal connection between the treatment and Kendall-Nix's interaction with plaintiff.  Defendant makes a "tit-for-tat" argument, asserting that if plaintiff can attempt to persuade the jury that Kendall-Nix caused her emotional distress, than Kendall-Nix should be able to make a similar showing.  This argument is wholly without merit, in that Kendall-Nix is not a party to this action.  Nevertheless, as defendant notes, the jury is entitled to a complete representation of the relationship between plaintiff and Ruth Kendall-Nix– the res gestae, or complete environment.  Records of treatment may very well be admissible, but the Court cannot fathom the relevance of bills.  With that said, a proper foundation for the relevance and admission of such evidence will be required.  Therefore, plaintiff's motion is granted, in that before any evidence of Ruth Kendall-Nix's medical treatment is offered, a sidebar discussion should be requested wherein the specific evidentiary basis for admission can be presented.

### 5. Plaintiff's Racial Comments about Ruth Kendall-Nix

Plaintiff seeks to exclude evidence of derogatory statements made by plaintiff about Ruth Kendall-Nix's race.  Kendall-Nix is of mixed descent, part Caucasian, part African American

and part Native American, although she has testified that she usually identifies herself on forms as either Native American or of mixed descent.  Defendant contends that the statements constitute admission of a party opponent, and are evidence of plaintiff's intent and/or state of mind.

Obviously, plaintiff's statements are prejudicial, in that they do not reflect well on her.  However, the racial tension between plaintiff and Kendall-Nix is central to the situation at bar and outweighs any prejudice to plaintiff.  Again, the jury is entitled to a complete representation of the relationship between plaintiff and Ruth Kendall-Nix– the res gestae, or complete environment.  Therefore, plaintiff's motion to exclude evidence of derogatory statements made by plaintiff about Ruth Kendall-Nix's race is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion in limine **(Doc. 92)** is **GRANTED IN PART AND DENIED IN PART** as detailed above.

**IT IS SO ORDERED.**

**DATED: January 6, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
