IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLORIA JEAN DIXON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **02-1208-CJP** |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **NATURAL RESOURCES, et al.**, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the defendant Department of Natural Resources' Bill of Costs, totaling $1,941.78.  **(Doc. 108).**  The defendant's Bill of Costs is supported and verified in accordance with 28 U.S.C. § 1924.   Plaintiff Gloria Jean Dixon, who is proceeding as a pauper, has not filed an objection or other response.

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to costs (other than attorney's fees).  There is a strong presumption that the prevailing party is entitled to recover costs, even if proceeding as a pauper.  ***Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).**  However, the Court has discretion to deny or reduce the costs awarded if the losing party is indigent.  *Id.*  In this situation, plaintiff has not objected to an award of costs or requested the Court use its discretion.  Although plaintiff was granted pauper status, her financial condition appears to have improved in the years after she filed her case.   Subsequent documentation submitted by plaintiff indicates she has a credit card and cash funds, which were not reflected in her original financial affidavit.  **(Doc. 18).**  Furthermore, during trial plaintiff

1

testified that she owns a home and is presently holding down two part-time jobs– she was unemployed when she initially applied for pauper status.  **(Transcript, Vol. II, pp. 45, 145 and 150).**  In addition, from this Court's perspective, after all of the evidence has come to light, plaintiff's case verges on being frivolous and therefore does not warrant waiving or discounting the costs award.  *See Luckey v. Baxter Healthcare Corp.*, **183 F.3d 730, 733 (7th Cir. 1999).**

**IT IS THEREFORE ORDERED** that the defendant Department of Natural Resources' Bill of Costs **(Doc. 108)** is **GRANTED**, in that costs are taxed against plaintiff Gloria Jean Dixon and in favor of the defendant Department of Natural Resources, in the amount of $1,941.78 and shall be included in an amended judgment.

**IT IS FURTHER ORDERED** that, in accordance with Federal Rule of Civil Procedure 58(c) and 28 U.S.C. § 1920, the Clerk of Court shall enter an Amended Judgment reflecting the addition of the aforementioned award of costs.

**IT IS SO ORDERED.**

**DATED: May 9, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**