IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLORIA JEAN DIXON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **02-1208-CJP** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **NATURAL RESOURCES, et al.**, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

A review of the record of this action, which is currently on appeal, reveals that plaintiff, proceeding pro se, has filed two motions in the district court. Plaintiff requests that the attorney previously appointed to represent her through trial be reappointed to represent her on appeal. **(Doc. 128).** Plaintiff also has filed a "Motion for Order of Continuation/Stay," which this Court construes as a motion to continue or stay the appellate briefing schedule entered by the Court of Appeals for the Seventh Circuit. **(Doc. 129).**

The Court previously granted attorney Matthew J. Reh's motion for "relief from court appointment." **(See Docs. 117 and 119).** The Court of Appeals' docket reflects that plaintiff is considered to be proceeding pro se. There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *see also* **28 U.S.C. § 1915(d).** Although the Court of Appeals encourages attorneys to continue their pro bono representation at the appellate level, continued representation is not mandated.

1

In this situation, attorney Reh's appointment was specifically limited through trial, and he went above and beyond the call of duty in representing plaintiff, at great expense to his law firm. At the conclusion of his required service, attorney Reh specifically moved to have his appointment formally terminated. Therefore, the Court is loath to draft him, or another attorney, into service, particularly when, from this Court's perspective, plaintiff's appeal stands little chance of success. Therefore, if plaintiff continues to want appointed counsel, she should file a motion with the Court of Appeals for the Seventh Circuit.

Insofar as plaintiff wants to stay or extend the briefing schedule mandated by the Court of Appeals for the Seventh Circuit, she must file a motion with that court.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel **(Doc. 128)** and her motion to continue or stay the briefing schedule mandate by the Court of Appeals for the Seventh Circuit **(Doc. 129)** are both **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this order to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:  October 27, 2006

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**